

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-3-2007

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4075

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chen v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1369.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1369

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4075
_____

WU CHEN,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA No. A 78 232 766)

Immigration Judge: Annie S. Garcy

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 27, 2006

BEFORE: FUENTES and GARTH, <u>Circuit Judges</u>, and POLLAK, <u>District Judge</u>.[*]

(Filed: April 3, 2007)

_____

[*] The Honorable Louis H. Pollak, Senior District Judge for the United States
District Court for the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

FUENTES, Circuit Judge.

Petitioner challenges the Board of Immigration Appeals' denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. For the reasons that follow, we will deny the petition.

**I.**

Petitioner Wu Chen applied for asylum, withholding of removal, and relief under the Convention Against Torture in September 2000, seven months after entering the United States without permission. After a hearing on April 25, 2001, an Immigration Judge ("IJ") sitting in New York, determined that petitioner was not credible and denied him relief. In July 2003, the BIA remanded the matter to the IJ based on recent Second Circuit cases concerning testimony and credibility findings. A motion for change of venue was later granted, and an IJ sitting in Newark, New Jersey, then denied petitioner's application for relief in December 2003 after a hearing.

In his application and testimony, petitioner described the following events. Petitioner was born in 1967 and married his wife in 1989. They have two children, a daughter born in September 1990 and a son born in December 1997. Three months after his daughter was born, Chinese officials forced his wife to have a intrauterine device ("IUD") inserted into her body. The IUD caused her uterus to bleed but officials did not

2

permit her to remove it. Late in 1991, petitioner and his wife hired a private doctor to remove the IUD.

Soon thereafter, petitioner's wife became pregnant. In February 1992, family planning officials, after discovering the pregnancy during an IUD checkup, forced her to have an abortion and imposed a fine on the couple. In May 1992, a second IUD was inserted. In 1994, petitioner's request to have another child was denied. In February 1997, the couple hired a private doctor to remove the IUD, and petitioner's wife soon became pregnant. She hid at her uncle's home in another village during the pregnancy, and returned to give birth in December 1997 according to a local tradition that mandated that she give birth in her home. Someone reported the birth to the authorities and, in February 1998, officials came to the house and took petitioner's wife away for sterilization. When petitioner went to the family planning office to complain, officials threatened him. In February 2000, petitioner received a notice demanding that he pay a fine. Instead, he left the country later that month.

The IJ determined that petitioner was not credible for a number of reasons. First, petitioner submitted a letter from his wife that the IJ found to be "strikingly similar" to an addendum Wu Chen attached to his asylum application. In addition, neither the petitioner's statement nor his wife's letter described the abortion and sterilization procedures with any detail. Second, the IJ did not credit the abortion and sterilization certificates that petitioner presented. Third, the IJ determined that under Chinese policy, the couple's second child would have been permitted—subject to a fine for failing to

3

space the birth of the children properly—because rural households are allowed a second child if the first one is a girl. Finally, the IJ found the forced abortion claim to be "absurd" because it made no sense for the wife to report for an IUD checkup after having her IUD removed. The BIA affirmed after explaining that petitioner had done "very little on appeal" to contest the IJ's adverse credibility findings.

The BIA had jurisdiction to review the IJ's order under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252.

## II.

On appeal, petitioner challenges the adverse credibility findings of the IJ, and the BIA's agreement with those findings. "Adverse credibility determinations are reviewed under the substantial evidence standard." Sukwanputra v. Gonzales, 434 F.3d 627, 636 (3d Cir. 2006). We will uphold an adverse credibility determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). Petitioner provided a letter written by his wife that the IJ noted was "strikingly similar" to a written statement that petitioner signed and attached to his application. Petitioner asserts that the IJ improperly penalized him for "too much consistency" between the couple's description of events. This argument, however, mischaracterizes the analysis of the IJ, who was not concerned that the documents described the same events. Instead, the IJ questioned the documents' use of similar paragraph structures and identical phrases and sentences. When the IJ provided petitioner an opportunity at the hearing to explain the similarities,

4

he failed to do so:

Q: Did you ask [your wife] to write you this letter?

A: The attorney request[ed] that I ask my wife to write this about what happened to her, for the Judge.

Q. Did he tell her what to say?

A: No, he didn't tell her, she wrote out whatever happened to her.

Q: Okay. Did she have a sample to go by?

A: She knew what happened to her . . . with the . . . IUD insertion and sterilization.

Q: Okay, did you read this letter?

A: Yes, after she [had] written it.

Q: Do you think this is in your wife's own words?

A: Yes.

The government attorney also asked petitioner about his wife's letter:

Q: . . . Did you tell her what your statement said, so she could write her letter?

A: No, she wrote that herself. Her story is similar, she talk[s] about her experiences.

AR 26-27. The IJ, not surprisingly, did not find petitioner's answers plausible. The similarities between the two documents suggested that petitioner's wife did not independently write her letter "in her own words." Yet, petitioner failed to acknowledge any coordination or explain why the documents were similar.

Petitioner also challenges the IJ's findings with regard to the IUD checkup and

5

subsequent forced abortion, family planning polices in China, and supporting documentation. While there may be some plausible explanation for petitioner's wife attending an IUD checkup after removing the device, we do not believe it was unreasonable for the IJ to question why she would do so. Further, the IJ provided specific reasons why she did not credit the supporting medical documentation, including petitioner's failure to explain why the documents were issued. Finally, while the IJ could have noted that the State Department report indicates that implementation of family planning policies at the village level is inconsistent, this does not render her credibility findings erroneous. We conclude that the IJ's adverse credibility finding was reasonable and that, as a result, the denial of petitioner's claim for asylum is supported by substantial evidence.

## III.

For the same reasons that petitioner's asylum claim fails, we conclude that he is not entitled to withholding of removal, which requires the applicant to demonstrate a "clear probability" of persecution if removed. See INS v. Stevic, 467 U.S. 407, 413 (1984). Petitioner has also failed to present evidence entitling him to protection under the Convention Against Torture; *i.e.*, he has not shown that it is more likely than not that he will be tortured if removed. See Obale v. Attorney Gen. of the United States, 453 F.3d 151, 161 (3d Cir. 2006).

## IV.

Petitioner has failed to demonstrate that the BIA or IJ erred in rejecting his

6

application for asylum, withholding of removal, and relief under the Convention Against

Torture.  For the reasons discussed above, we will deny the petition.